In Re: **MARRIAGE of Donna Colleen PICKERING, by Virginia Foster, Next Friend, and Jeffrey Ray Pickering, by Bernard G. Pickering, Next Friend, Petitioners.**

**Jeffrey Ray Pickering, by Bernard G. Pickering, Next Friend, Appellant,**

and

**Donna Colleen Pickering, by Virginia Foster, Next Friend, Respondent.**

No. 30562.

Missouri Court of Appeals, Western District.

Oct. 1, 1979.

A change of custody was sought herein on the premise that respondent failed to provide proper care for the medical needs of the minor child, that respondent would leave the minor child for long periods of time, that the respondent associated with unfit and improper persons and that said minor child is not maintained in a stable environment.

After hearing the evidence, the trial court made findings of record and overruled appellant's original motion. As part of said proceedings, respondent had filed her answer to said motion and filed a counter-motion. The counter-motion requested an increase in monthly child support from $80.00 to $125.00 per month and for an award of attorney fees. The evidence of record established respondent's conduct was not such as to warrant a change of custody. Further, the evidence of record established the necessity for and the ability of appellant to pay an increased amount in child support and that respondent was without adequate funds to pay attorney fees.

As to the question of visitation of the paternal grandparents, the evidence of record established the sound relationship between the minor child and the paternal grandparents and that the child's interests could be yet better served by granting specific, but limited, visitation to the paternal grandparents.

The court ordered appellant's original motion overruled, granted an increase in the monthly child support to $100.00 per month and affixed specific times for visitation for appellant and for the paternal grandparents.[1]

The record confirms this to be a case reviewable under Rule 73.01 and that the trial court's ruling was supported by substantial and competent evidence. The trial court heard evidence upon the allegations for change of custody and upon the allegations in the counter-motion. The trial court did not erroneously declare or apply the law and the record confirms there was substan-

L. E. Atherton, Milan, for appellant.

James G. Spencer, Milan, for respondent.

Before SOMERVILLE, P. J., and PRITCHARD and MANFORD, JJ.

MANFORD, Judge.

Direct appeal from final order denying original motion for modification of decree of dissolution for change of custody, and further order modifying decree of dissolution modifying child support payments and visitation rights.

Appellant sought change of custody of minor son. The parties were granted a decree of dissolution July 7, 1977 and in said decree, respondent was granted legal custody of the minor child.

---

1. For reference as to authority of Circuit Court to grant visitation to either maternal or paternal grandparents, see § 452.400, RSMo 1978.

tial competent evidence to support the court's order, thus satisfying the rule in *Murphy v. Carron,* 536 S.W.2d 30 (Mo.banc 1976).

The record in this matter leads to the further conclusion that this cause has no precedential value and disposition of same is made under Rule 84.16(b). The action of the trial court is in all respects affirmed.

All concur.